# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 08-CR-70-GKF |
| ) | |
| MICHAEL LEON JAMESON, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Before the court is the Motion for Judgment of Acquittal [Dkt. #71], Motion to Reverse and Acquit Under Rule 33 and 29 [Dkt. #75], Motion to Compel Court to Respond to Motion for Reversal and Acquittal [Dkt. #104] and Motion for Final Judgment [Dkt. #109] of defendant Michael Leon Jameson ("Jameson"). Plaintiff United States of America ("United States") objects to Jameson's motions for reversal and acquittal. [Dkt. #99].

On April 8, 2008, a one-count indictment charged Jameson with possession of child pornography. [Dkt. #2]. Jameson entered a plea of guilty to the indictment pursuant to a conditional plea agreement with the government, in which he preserved his right to appeal the court's overruling of his motion to suppress evidence. [Dkt. #22]. In the plea, he waived all other appellate rights, including his right to collaterally attack his conviction under 28 U.S.C. § 2255, except for claims based on ineffective assistance of counsel challenging the validity of his guilty plea or the validity of his appellate waiver. [*Id.*]. He was sentenced to a 70-month term of imprisonment followed by a 12-year term of supervised release, and a guideline fine of $25,000. [Dkt. #44 at 45-46; Dkt. #47]. He appealed the court's overruling of the motion to

suppress evidence obtained in the search of his home, contending the affidavit underlying the warrant "failed to show that the prohibited material sought had moved across state lines." [Dkt. #57]. The Tenth Circuit Court of appeals affirmed the court's ruling on the motion to suppress. [*Id.*]. On January 4, 2011, Jameson filed a Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255. [Dkt. #59]. The court denied the motion. [Dkt. #111]

On June 20, 2011, Jameson filed a Motion to Reverse Conviction and Acquit Under Fed.R.Crim.P. Rules 33 and 29 [Dkt. #71]. On July 11, 2011, he submitted a letter attaching documents in support of the motion, which was docketed as a "Motion to Reverse and Acquit Under Rule 33 and 29" [Dkt. #75]. Subsequently, he filed a "Motion to Compel Court to Respond to 'Motion for Reversal and Acquittal' Due to Manifest Constitutional Errors and Outrageous Government Misconduct Heretofore Proven" [Dkt. #104] and a "Motion for Final Judgment in Favor of Movant's June 15, 2011 'Motion for Reversal and Acquittal' in Recognition That the Government Offered No Genuine Dispute as to Any Material Fact in its November 3, 2011 Response," [Dkt. #109], which is more properly characterized as a reply in support of his original Motion to Reverse Conviction and Acquit [Dkt. #71].

In his motions, Jameson asserts:

(1) The evidence was insufficient to sustain a conviction because the government never proved that images ever crossed state lines to or from his computer, and thus never established the requisite jurisdictional nexus [Dkt. #71 at 4];

(2) The January 16, 2008, search warrant signed by Magistrate Judge Frank H. McCarthy "reveals Brady violations and prosecutorial misconduct." [Dkt. #71 at 5];

(3) The court denied him his right under Fed.R.Crim.P. 32(i)(4)(A)(ii) to speak on his own behalf before sentencing. [Dkt. #109 at 2]; and

(4) "Intentional incompetence" by his defense counsel, Mark Lyons, violated his Sixth Amendment rights. [Dkt. #106 at 1].

Rule 33(a) provides:

> **Defendant's Motion.** Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires. If the case was tried without a jury, the court may take additional testimony and enter a new judgment.

Fed.R.Crim.P. 33(a). Any motion for new trial grounded on newly discovered evidence must be filed within three years after the verdict or finding of guilt, and any motion for new trial grounded on any other reason must be filed within 14 days after the verdict or finding of guilt. Fed.R.Crim.P. 33(b)(1) and (2).

Jameson could—and did—challenge the validity of his guilty plea pursuant to 28 U.S.C. § 2255. However, Rule 33 applies only to cases in which a trial—either to the court or a jury—has taken place. *United States v. Lambert,* 603 F.2d 808, 809 (10th Cir. 1979). "[T]he validity of a guilty plea cannot be questioned by way of a motion for new trial." *Id.* (quotation and citations omitted).

Further, defendant's motions identify no newly discovered evidence; rather, he merely asserts legal arguments—many of them previously raised an addressed in earlier motion practice. Discovery of a new legal theory does not qualify as "newly discovered evidence" under Rule 33. *See United States v. Olender,* 338 F.3d 629, 635-36 (6th Cir. 2003).

Additionally, by pleading guilty, Jameson relieved the government of its burden of proving the interstate commerce element of the charge of possession of child pornography. *See United States v. Geiner,* 2011 WL 4823360 at *2 (10th Cir. Oct. 12, 2011) (unpublished).

Similarly, Fed.R.Crim.P. affords no opportunity for the relief sought by defendant. Rule 29 permits the defendant in a jury trial, after the government closes its evidence or after the close of all evidence, to move for judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction. Fed.R.Crim.P. 29(a). Additionally, after a jury verdict or discharge, a defendant may move for a judgment of acquittal or renew such a motion, within 14

days after a guilty verdict or after the court discharges the jury, whichever is later. Fed.R.Crim.P. 29(c). Jameson pleaded guilty; therefore, no jury trial occurred. Furthermore, even if Rule 29 was an available avenue, the deadline for filing such a motion passed long ago.

Therefore, defendant Jameson's motions for acquittal or reversal [Dkt. ##71, 75, 104, 109] are denied.

ENTERED this 30th day of January, 2012.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma