# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 08-CR-70-GKF |
| | ) |
| MICHAEL LEON JAMESON, | ) |
| | ) |
| Defendant. | ) |

## **OPINION AND ORDER**

Before the court is defendant Michael Leon Jameson's Motion for Mandamus and Recusal of Honorable Judge Gregory K. Frizzell from Role of Adjudication in U.S. v. Jameson Pursuant to 28 U.S.C.S 1651 (Mandamus); 28 U.S.C.S. 144 (Disqualification of Judge) and 28 U.S.C.S. 455(a) (Disqualification of Judge) [Dkt. #114].

Defendant asserts the court's January 5, 2012, order [Dkt. #107] denying three Motions for Release Pending Reversal of Conviction [Dkt. ## 74, 76, 98] establishes that he cannot obtain fair and impartial adjudication from the court. He contends evidence he submitted in connection with his Motion to Reverse Conviction and Acquit [Dkt. ##71, 75, 104, 109] indisputably demonstrates prosecutorial misconduct and a conflict of interest on the party of his former defense counsel. [Dkt. #114 at 6]. Defendant contends the government's own evidence alone proves he was innocent of the offense as charged and "Judge Frizzell, likewise, stands convicted of negligence, bias and 'demonstrated ignorance of the law.'" [*Id.*].

To disqualify a judge under 28 U.S.C. § 455(a), a movant must show that a reasonable person, knowing all of the circumstances, would harbor doubts about the judge's impartiality; rumor, speculation, and opinions are not sufficient. *Cauthon v. Rogers*, 116 F.3d 1334, 1336 (10th Cir. 1997) (citing *Green v. Branson*, 108 F.3d 1296, 1305 (10th Cir. 1997); *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993)). Furthermore, the movant must establish that the judge has a personal bias or prejudices. *Green v. Branson*, 108 F.3d at 1305. Disqualification must be predicated "upon extrajudicial conduct rather than on judicial conduct," and upon "a personal bias 'as distinguished from judicial one,' arising 'out of the judge's background and association' and not from the 'judge's view of the law.'" *Green v. Nevers*, 111 F.3d 1295, 1303-04 (6th Cir. 1997) (citations omitted).

Defendant fails to allege facts demonstrating personal bias or prejudice. In essence, Defendant complains of the ruling against him by the undersigned. However, adverse rulings "cannot in themselves form the appropriate grounds for disqualification." *Green v. Dorrell*, 969 F.2d 915, 919 (10th Cir. 1992). The court finds that defendant has failed to make the showing necessary to justify disqualification and concludes that defendant's motion to disqualify should be denied.

ENTERED this 2nd day of March, 2012.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma